STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.


PATRICK DEMERS

                    Petitioner

    v.                                          Docket No. PORSC-AP-19-0023

MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES

                    Respondent

                    DECISION AND JUDGMENT

Pursuant to Rule 80C of the Maine Rules of Civil Procedure and the Maine

Administrative Procedure Act, 5 M.R.S. §§ 11001 *et seq.*, Petitioner Patrick Demers

has appealed from a decision of the Maine Department of Health and Human

Services (DHHS) dismissing his request to reinstate what DHHS determined to be

his abandoned administrative appeal from a DHHS child support order.

The parties have filed briefs and the administrative record. The court elects

to decide the appeal without oral argument. *See* M.R. Civ. P. 7(b)(7); *see also*

*Lindemann v. Comm'n on Governmental Ethics & Election Practices*, 2008 ME 187,

¶ 26, 961 A.2d 538 (Rule 80C permits court to direct that oral argument not be

scheduled).

The narrow issue presented is whether the court should affirm or vacate

DHHS's determination that Petitioner Demers was not entitled to have his appeal

1

REC'D CUMB CLERKS OFC
NOV 14 '19 PM 2:12

reinstated because he failed to show "good cause" for his failure to appear at a scheduled appeal hearing. Based on the entire record, the court affirms that determination and denies the appeal.

*Background*

The following recitation of facts is taken from the administrative record:

In 2018, the DHHS Division of Support Enforcement and Recovery (DSER) determined that Petitioner Patrick Demers owed additional child support to his former wife, Michele Demers and a Decision After Hearing upholding the determination was issued November 30, 2018. (Neither the November 30, 2018 Decision After Hearing nor the proceedings that led to it are in the administrative record, because of the narrow "good cause" issue presented in this appeal).

Petitioner Demers appealed the November 30, 2018 Decision After Hearing, and DHHS sent Petitioner a letter dated January 10, 2019, indicating that a hearing on his appeal was scheduled for 9 a.m. February 14, 2019 at the DHHS office on Jetport Boulevard in Portland. Administrative Record (A.R.) Tab H-2.[1]

At 8:05 a.m. on February 14, 2019, less than an hour before the appeal hearing was scheduled to begin, DSER received an email message from Petitioner and his wife, Jennifer Demers, stating: "We are still waiting for another date, per

---

[1] This and similar references are to the Administrative Record and the tabbed materials therein.

2

request by certified mail, so today we will not be able to attend the hearing scheduled." A.R. Tab H-3.

Later that morning, Petitioner's e-mail message was forwarded to Jeffrey Strickland, the DHHS administrative hearing officer (HO) who had been assigned to hear and decide Petitioner's administrative appeal. However, by the time he learned of the e-mail message, HO Strickland had already determined that Petitioner Demers had abandoned his appeal based on his failure to appear at the hearing. A.R. Tab H-5.

In a letter the same day to Petitioner Demers, HO Strickland advised that the appeal was deemed abandoned based on Petitioner's failure to appear at the hearing, but that the Petitioner could seek to have his appeal reinstated by submitting a written request within 12 days showing "good cause" for the failure to appear. A.R. Tab H-6.

In a letter dated February 25, 2019, Petitioner Demers submitted his request by letter addressed to several individuals at DHHS, including HO Strickland. A.R. Tab H-7. Most of the letter focused on why Petitioner was disputing that he owed any further child support. The letter also requested that his case be assigned to different support enforcement agents based on alleged bias on the part of the currently assigned agents. The only reference in the letter to "good cause" for his failure to appear is in the second sentence: "Certified letter was sent with a request to reschedule the February 14, 2019 hearing." *Id.*

3

In response to Petitioner's request to reinstate his appeal, the DSER notified HO Strickland that the Division opposed the request, because the last-minute e-mail message sent the morning of the hearing clearly showed that Petitioner was aware of the hearing and chose not to attend. A.R. Tab H-9.

In a March 7, 2019 letter to Petitioner Demers and the DSER, HO Strickland noted the Petitioner's claim that before the February 14, 2019 hearing date he had sent a certified letter requesting a new hearing date. A.R. Tab H-10. HO Strickland's letter said, "I am directing the parties to provide copies of any correspondence in the way of such request sent by Mr. Demers prior to that [February 14, 2019] date, as well as Mr. Demers' confirmation of delivery by the U.S. Postal Service." *Id.*

In response, Petitioner Demers sent HO Strickland a letter dated March 13, 2019, enclosing a copy of a letter dated January 15, 2019—what Petitioner claims was his letter sent by certified mail to DSER requesting a new hearing date. A.R. Tab H-11. However, despite HO Strickland's specific directive, Mr. Demers did not send any certified mail receipt or other proof that the U.S. Postal Service had in fact handled or delivered the January 15, 2019 letter.

The January 15, 2019 letter copy that Petitioner claimed to have sent DHHS by certified mail states, "[M]y work requires a 60 day notification of a scheduled day off, I would like to reschedule the February 14, 2019 hearing so I am able to be

4

physically present at the hearing. I also strongly object to and contest any claim of past due child support, owed on my part." A.R. Tab H-11 at 2.

DSER responded to HO Strickland's March 7, 2019 letter by noting that it had never received the January 15, 2019 letter that Mr. Demers claimed he had sent certified. A.R. Tab H-12. DSER's position was that Mr. Demers's letter dated January 15, 2019 "was neither composed nor sent until after Mr. Demers's receipt of [DSER's] 3.12.19 letter and is not evidence of his attempt to reschedule his February 14, 2019 appeal hearing." *Id.*[2]

In an April 4, 2019 letter to Mr. Demers and DSER, HO Strickland acknowledged the responses to his March 7, 2019 letter. A.R. Tab H-13. He also indicated, that, based on the applicable DHHS rule regarding "good cause" for a party's failure to appear at an administrative hearing, Mr. Demers had not made a showing of "good cause" for his failure to appear at the February 14, 2019 appeal hearing. *Id.*, *quoting* 10-144 C.M.R., ch. 1, §VI(F) (defining circumstances constituting "good cause").

Mr. Demers responded with an April 15, 2019 letter to DHHS requesting a hearing on his claim of "good cause." A.R. Tab H-14. The hearing was scheduled for May 22, 2019 at the DHHS Jetport office. *See* A.R. Tab H-15.

---

[2] DSER also challenged the authenticity of the January 15, 2019 letter because it was addressed to a DSER employee who Petitioner could not have known was involved, *see* A.R. Tab H-12, but Petitioner Demers pointed out that the employee's name appeared in the January 10, 2019 notice of hearing sent to him.

5

At the hearing, HO Strickland heard the testimony of Mr. Demers and Kathleen Mattia, the DSER enforcement agent assigned to the matter, and also received into evidence the 15 exhibits in the Administrative Record at Tabs H-1 through H-15. *See* A.R. Tab A (Decision After Hearing dated June 21, 2019, at 1-2). A transcript of the May 22, 2019 appeal hearing is included in the Administrative Record at Tab B.

In his Decision After Hearing issued June 21, 2019, HO Strickland noted that Mr. Demers testified that the reason he was unable to attend the February 14, 2019 appeal hearing was "due to being scheduled for work and unable to find a replacement." A.R. Tab A, Decision After Hearing at 4. However, the Decision also noted that Mr. Demers's last-minute e-mail sent the morning of the February 14, 2019 hearing "contains no mention of 'work commitments' or other reason for [Mr. Demers's] failure to appear for the hearing." *Id.*

The Decision further took note of the fact that, despite having specifically been asked for proof that his January 15, 2019 letter requesting a new hearing had actually been delivered by the U.S. Postal Service, Mr. Demers testified "that he had such evidence and that he could provide it but that he had not thought it necessary to bring this evidence to the good cause hearing on May 22, 2019." *Id.*[3]

---

[3] The hearing transcript indicates that, after Mr. Demers said, "I also have a copy of the certified certification showing that [the January 15, 2019 letter] was signed for and received . . ." the hearing officer asked, "Do you have that?" and Mr. Demers replied, "I do not have it with me because I wasn't prepared for that type of hearing." A.R. Tab B at 10.

Based on the evidence and on the DHHS rule defining "good cause" for failure to appear at an administrative hearing, 10-144 C.M.R., ch. 1, §VI(F), HO Strickland's Decision on Appeal concluded that "neither the purported [January 15, 2019] reschedule request letter nor [Mr. Demers's] testimony are sufficiently reliable to find good cause for Mr. Demers's failure to appear for the February 14, 2019, hearing." *Id.* Based on that conclusion, the Decision After Hearing dismissed Mr. Demers's request to reinstate his appeal the November 30, 2019 Decision After Hearing in his case.

Mr. Demers took a timely appeal to this court pursuant to M.R. Civ. P. 80C and the Maine Administrative Procedure Act, 5 M.R.S. §§ 11001 *et. seq.*

### Standard of Review

The court's review of final agency action is generally "deferential and limited." *Watts v. Board of Environmental Protection*, 2014 ME 91, ¶ 5, 97 A.3d 115. The court reviews adjudicatory decisions "for abuse of discretion, errors of law, or findings not supported by the substantial evidence in the record." *Wyman v. Town of Phippsburg*, 2009 ME 77, ¶ 8, 976 A.2d 985. The court will "not vacate an agency's decision unless it: violates the Constitution or statutes; exceeds, the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or an error of law; or is unsupported by the evidence in the record." *Kroeger v. Department of Environmental Protection*, 2005 ME 50, ¶7, 870 A.2d 566.

The party seeking to vacate the agency's decision bears the burden of persuasion. *Town of Jay v. Androscoggin Energy, LLC*, 2003 ME 64, ¶ 10, 822 A.2d 1114. Because Petitioner Demers has the burden of persuasion, DHHS's decision to deny his "good cause" appeal based on his failure to show "good cause" cannot be overturned unless the record before the hearing officer compelled a finding that Petitioner did show "good cause" within the meaning of the applicable DHHS rule. *See Anderson v. Maine Public Employees Retirement System*, 2009 ME 134, ¶ 3, 985 A.2d 501 ("When an appellant had the burden of proof before the agency, and challenges an agency finding that it failed to meet that burden of proof, we will not overturn the agency fact-finding unless the appellant demonstrates that the administrative record compels the contrary findings that the appellant asserts should have been entered.")

## Discussion

The question before the hearing officer at the May 22, 2019 "good cause" appeal hearing was, in essence, the credibility of Mr. Demers's excuse for not appearing at the February 14, 2019 hearing. His proffered excuse was that he had sent DHHS a certified letter in January 2019 requesting a new hearing date, because he had to work on the date scheduled, and had not heard back on the request as of February 14, 2019.

The applicable DHHS rule defines "good cause" for failing to appear as follows:

8

a.      A death or serious illness in the family;

b.      A personal injury or illness which reasonably prevents the party from attending the hearing;

c.      An emergency or unforeseen event which reasonably prevents the party from attending the hearing;

d.      An obligation or responsibility which a reasonable person in the conduct of his or her affairs could reasonably conclude takes precedence over attendance at the hearing;

e.      Lack of receipt of adequate or timely notice;

f .      Excusable neglect, excusable inadvertence, or excusable mistake.

10-144 C.M.R., ch. 1, §VI(F)(3),
https://www.maine.gov/sos/cec/rules/10/chaps10.htm#144

Petitioner Demers contends that his January 15, 2019 certified letter requesting a different hearing date put the DHHS on notice that he was not available on the scheduled date and that DHHS should have given him a new date well before February 14, 2019.    Thus, his showing of "good cause" depended entirely on whether he had submitted a timely request for a different hearing date. His e-mail message sent to DHHS 55 minutes before the hearing was scheduled to begin would plainly not be deemed timely, nor does Petitioner argue that it should have been.

The evidence  in the record before the hearing officer was that DSER had never seen the letter requesting a new hearing date that Mr. Demers claimed to

9

have sent by certified mail in January 2019, until Mr. Demers had sent a copy to the hearing officer in response to the hearing officer's March 7, 2019 letter.

The evidence also did not include any proof from Mr. Demers that his certified letter requesting a new hearing date had been delivered to DHHS by the U.S. Postal Service. Given that HO Strickland's March 7, 2019 letter specifically asked Mr. Demers for such proof, Mr. Demers's failure to produce any such proof, either in response to the letter or at the May 22, 2019 hearing plainly supports an inference that no such proof existed.[4]

As noted above, Mr. Demers has the burden in this Rule 80C appeal to show that the evidence presented to the DHHS hearing officer compelled a finding that Petitioner had shown "good cause" for his failure to appear at the February 14, 2019 hearing. By no means does the record compel such a finding. Instead, the substantial evidence in the record amply supports the conclusion that Petitioner Demers failed to meet his burden to show "good cause" as defined by the applicable rule, 10-144 C.M.R., ch. 1, §VI(F) for his failure to appear. There is no error of law or other basis for disturbing the decision not to reinstate Petitioner's administrative appeal from the November 30, 2018 Decision After Hearing.

IT IS HEREBY ORDERED AND ADJUDGED:

---

[4] It is also worthy of note that Petitioner Demers has not filed a motion to supplement the administrative record or a motion for the court to take additional evidence, either of which motions might have enabled him to put into the record before the court the proof of delivery and receipt that he claimed to possess. *See* M.R. Civ. P. 80C(d)-(f).

1. The appeal of Petitioner Patrick Demers is denied.

2. The Decision After Hearing dated June 21, 2019, determining that Petitioner failed to show good cause for his failure to appear at the February 14, 2019 appeal hearing and dismissing Petitioner's request to reinstate his appeal is hereby affirmed.

3. Respondent is awarded its recoverable costs of court on appeal.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision and Judgment by reference in the docket.

Dated November 14, 2019

A. M. Horton, Justice

Entered on the Docket: 11/15/19

11